UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**BARBARA SHIRED and**
**KRISTIN L. SOTO,**

        Plaintiffs,

    v.

**STATE OF OREGON,**

        Defendant.

Case No. 3:14-cv-02054-ST

**FINDINGS AND**
**RECOMMENDATION**

**STEWART, Magistrate Judge:**

### INTRODUCTION

Plaintiffs filed this case on December 29, 2014, against defendant, the State of Oregon, alleging claims under Title VII, 42 USC § 2000e-2, for employment discrimination based on race and for retaliation (First and Third Claims). In addition, they allege eight claims for violation of Oregon law: race discrimination under ORS 659A.030 (Second Claim), retaliation under ORS 659A.030 (Fourth Claim), disability discrimination under ORS 659A.103 (Fifth Claim), whistleblower claims under ORS 659A.100 and ORS 659A.203 (Sixth and Seventh Claims), discrimination for initiating an administrative proceeding under ORS 659A.230 (Eighth Claim), common law wrongful discharge (Ninth Claim), and violations of the Oregon Family Leave Act, ORS 659A.150.

1 – FINDINGS AND RECOMMENDATION

The State of Oregon has filed a Motion to Dismiss (docket #6) the Second, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Claims ("state law claims") based on lack of jurisdiction.

## FINDINGS

A state is immune from suit on state law claims in federal court under the Eleventh Amendment.  The Eleventh Amendment provides that the judicial power of the United States "shall not be construed to extend to any suit in law or equity, commenced or prosecuted" against a state.  This language bars citizens from suing states or state agencies in federal court unless the state has expressly waived its immunity from suit or that immunity has otherwise been abrogated by Congress.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 US 89, 99 (1984); *Edelman v. Jordan*, 415 US 651, 663 (1974).  A state only waives its Eleventh Amendment immunity when it expressly consents to being sued in a particular action.  *Edelman*, 415 US at 673; *Micomonaco v. State of Wash.*, 45 F3d 316, 319 (9th Cir 1995).

Plaintiffs concede that the statutes and common law governing their state law claims do not provide the express consent necessary for waiver of immunity.  Since the State of Oregon refuses to waive its immunity, this court lacks jurisdiction to adjudicate the state law claims.  Therefore, the state law claims should be dismissed without prejudice in order to allow plaintiffs to refile those claims in state court.  *See* ORS 12.220(1) (allowing plaintiff to commence a new action within 180 days of an involuntary dismissal without prejudice).

## RECOMMENDATION

Defendant's Motion to Dismiss the state law claims (docket #6) for lack of jurisdiction should be GRANTED without prejudice.  Accordingly, only the First and Third Claims remain for adjudication in this court.

///

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Thursday, March 26, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED  March 9, 2015.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge